PEDRO RODRÍGUEZ VÁZQUEZ, Plaintiff and Appellee, *v.* JOSEFA RIVERA VELÁZQUEZ, Defendant and Appellant.

No. 10120. Argued April 3, 1950.—Decided April 27, 1950.

270

*Gilberto Concepción de Gracia* and *Ubaldo Aponte* for appellant.
*Leopoldo Rojas Flores* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

On August 16, 1937 Josefa Rivera Velázquez, owner of an urban property situated in the town of Barranquitas, executed a deed in favor of Joaquín Colón which she labelled as sale with right of redemption and in which she fixed $900 as the price of the property and the term of one year to exercise the redemption. Joaquín Colón was in need of the money and on May 14, 1938 assigned his rights in the property to Pedro Colón, notifying Josefina Rivera Velázquez who appeared in the deed for that sole purpose. On November 20, 1946 Pedro

Colón and his wife sold the property to Pedro Rodríguez, who instituted unlawful detainer proceedings against Josefa Rivera Velázquez. All the aforesaid transactions were recorded in the registry of property; but from the execution of the deed of August 16, 1937 until the present time, the defendant has been in possession of the property uninterruptedly and exercised acts of ownership such as leasing to the Municipality of Barranquitas another house which stands in the same lot. The defendant alleged in her answer that she is owner of the property inasmuch as she alleges the contract of sale with right of redemption was a mortgage loan.

The lower court rendered judgment sustaining the complaint of unlawful detainer and in its opinion stated that if the complaint had been filed by any of the two former purchasers, i. e., Joaquín or Pedro Colón, it would not have been actionable because the transaction would have been considered as a mortgage contract pursuant to § 1410 of the Civil Code;[1] but since more than eight years have elapsed since the sale with right of redemption and it appears from the registry that the term for redemption had expired, the plaintiff has the status of third person who may not be considered as mortgage creditor.

If the action had been filed prior to the addition of § 1410 to our Civil Code, we would agree that since the right of redemption was not exercised within the year stipulated in the contract, the plaintiff was absolute owner of the property, and as such, entitled to institute the action of unlawful detainer. Before the addition of this Section our statute

---

[1] Section 1410 of the Civil Code provides:

"In any of the following cases, sales of real estate on reversion shall be presumed to constitute a contract of loan for the amount of the price, with a mortgage on the property sold, as security:

"1. When the buyer fails to enter into material possession of the thing sold.

"2. When the vendor pays to the buyer interest on the selling price, though such interest may be called rental or otherwise.

"3. When a grossly inadequate sum appears in the contract, as the price of alienation."

bearing on conventional redemption was the same as that of Spain. The provisions contained in §§ 1396 to 1409 of the Puerto Rico Civil Code were identical with §§ 1507 to 1520 of the Spanish Civil Code. Under its authority, grave abuses were committed by unscrupulous lenders that took advantage of needy property holders who expecting to re-purchase their property on the expiration of the contract, consented to execute a sale with redemption instead of what was actually a loan secured by property. The abuse went to such extremes that a great number of persons began to demand, by reason of public policy, that such sales be proscribed. Illustrating such abuses and referring to two decisions of the Supreme Court of Spain, Manresa in his *Comentarios al Código Civil Español*, Vol. 10, (2d. ed. 1908) p. 309, says:

"The decision of January 18, 1900 holds that the purchaser may lease to the vendor the property purchased for payment of a stipulated rent and that if it is agreed that default in the payment of rent for one year is sufficient cause for the lapse of the right to re-purchase, the contract is valid and must produce, as of course the extinguishment of the right of redemption on non-payment of any instalment. The decision of November 13, 1906, goes still further: even if the word interest instead of rent is used the act should be characterized as a sale with right to re-purchase and not as a loan.

"This type of sale with right of redemption leasing the property to the vendor is the most common. It should mislead no one; it is a loan disguised under the mask of a contract of sale with right of redemption; it is a mortgage, wherein the vendor forfeits the property if he fails to pay one year interest."

It was to remedy this situation that the Legislature added § 1410 to our Civil Code which has no counterpart in the Spanish Civil Code. This Section expressly enumerates the cases when the sale with right of redemption shall be presumed to constitute a loan contract with mortgage security. One of those cases is when, as in the instant case, the purchaser has not entered into the material possession of the thing sold.

■ However, emphasis is laid on the fact that because all the aforesaid transactions are recorded in the registry of property the plaintiff is a third person under § 34 of the Mortgage Law.[2]  But § 1410 of the Civil Code has so affected the institution of conventional redemption that the mere recording of a contract of sale with right of redemption in the registry of property does not overcome the presumption of a mortgage established by said Section.  The purpose of the registry is not to protect fraud.  Its entries should conform to juridical reality.  Accordingly, a sale with right of redemption which carries with it the presumption of being a mortgage loan can not rid itself of that presumption merely because the contract is recorded in the registry of property. This is the necessary and natural consequence of § 1410. Otherwise, it would be easy for the creditor to thwart the purpose of the statute by selling the property to another person, who, on the failure of the debtor to exercise his right of redemption within the stipulated term, would become absolute owner of the property.  Thus, what was originally a mortgage, would become an absolute sale without the consent of the debtor by the mere registration of the contract.

■ The fact that more than eight years have elapsed since the execution of the contract of sale with right of redemption, does not change the nature of the transaction

---

[2] Article 34 of the Mortgage Law provides:

"Notwithstanding the provisions of the foregoing article, instruments or contracts executed or entered into by a person who, according to the registry, has a right to do so, shall not be invalidated with regard to third persons after they have been recorded, even though the interest of such party should subsequently be annulled or terminated by virtue of a prior deed which was not recorded or for reasons which do not clearly appear from said registry.

"Only by virtue of a recorded instrument may another later instrument, also recorded, be invalidated to the prejudice of a third person, with the exceptions mentioned in article 389.

"The provisions of this article shall at no time apply to an instrument recorded in accordance with the provisions of article 390, unless prescription has validated and assured the interest to which said instrument refers."

actually executed, which continued to be a mortgage, if as a matter of fact any of the circumstances enumerated in § 1410 concurred.

It can not be urged that because none of those circumstances appear in the registry the plaintiff is a third person under the Mortgage Law. Apart from the fact that it appears from the record that the plaintiff had personal knowledge that the defendant was in possession of the property, it would be puerile to subject the application of § 1410 to the condition that the deed of sale with right of redemption must show anyone of the circumstances which pursuant to said Section gives rise to the presumption that the transaction involved is a loan secured by property. And no creditor interested in hiding the true nature of the transaction would ever consent to it.

For this reason we believe that the fact that the title of the former owners was under a sale with right of redemption constitutes by itself sufficient notice to the plaintiff that it could be a mortgage disguised under the mask of a sale with right of redemption.

Under these circumstances the purchaser must, in order to become the absolute owner, overcome the presumption *juris tantum* established by § 1410. *Lizardi* v. *Registrar*, 24 P.R.R. 804 and *Marcano* v. *Registrar*, 41 P.R.R. 542. Since he failed to do so in this case, for it was shown in the trial that the vendor has always been in the material possession of the property, the plaintiff did not prove that he was the owner of the property, and in the absence of such showing, he lacked standing to bring the action of unlawful detainer.

The judgment will be reversed and the complaint dismissed with costs on the plaintiff.